JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5044
FAX: (408) 535-5081
james.scharf@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| JAMES C. DIAZ, SR., | ) | No. C 07-4164 MEJ |
| Plaintiff, | ) | |
| v. | ) | **STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [PROPOSED] ORDER** |
| UNITED STATES OF AMERICA, et al., | ) | |
| Defendants. | ) | |

Pursuant to the global settlement resolving all claims against all parties to this action placed on the record at the May 8, 2008, settlement conference conducted by Magistrate Judge Elizabeth D. Laporte, IT IS HEREBY STIPULATED AND AGREED by and between plaintiff James C. Diaz, Sr. ("Plaintiff") and defendant United States of America ( "Federal Defendant") by and through their undersigned counsel and defendant Daniel Garza ("Defendant Garza") who is self-represented , as follows:

1. The parties do hereby agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. Defendants shall pay plaintiff the total sum of $38,500.00 as follows: $36,000.00 from the Federal Defendant and $2,500.00 from Defendant Garza, under the terms and

1  conditions set forth herein.  Plaintiff is responsible for satisfying any and all outstanding liens
2  relating to plaintiff's medical treatment arising out of the subject matter of This Action.
3       3.     The plaintiff and his heirs, executors, administrators, assigns and attorneys hereby
4  agree to accept the settlement amount, in full and final settlement and satisfaction of the claims
5  raised in This Action under the terms and conditions set forth herein.
6       4.     It is also agreed, by and among the parties, that the settlement amount represents
7  the entire amount payable to plaintiff and his heirs, executors, administrators, assigns and
8  attorneys.
9       5.     It is also agreed, by and among the parties, that the settlement amounts shall be
10 made payable to plaintiff and his attorney, Edward Hartley, and shall be mailed to his attorneys'
11 business address by each defendant.
12      6.     It is also agreed, by and among the parties, that neither plaintiff nor any of his
13 attorneys may make any claim for attorney's fees or other costs against the defendants.  It is also
14 agreed, by and among the parties, that the respective parties will bear their own costs, fees, and
15 expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement
16 amount and not in addition thereto.
17      7.     It is also understood, by and among the parties, that pursuant to Title 28, United
18 States Code, Section 2678, that if plaintiff incurred any attorney's fees for services rendered in
19 connection with this action, said fees shall not exceed 25 percent of the amount of the
20 compromise settlement.
21      8.     In consideration of the settlement amount as set forth above, the plaintiff agrees
22 that he will immediately upon execution of this agreement, execute a Stipulation of Dismissal,
23 which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims
24 that could have been asserted in This Action.  The fully executed Stipulation of Dismissal will be
25 held by counsel for the Federal Defendant and will be filed with the Court upon receipt by
26 plaintiff's attorneys of the settlement amount.
27      9.     In consideration of the payment of the settlement amount as set forth above, the
28 plaintiff hereby releases and forever discharges all defendants, and any and all of their past and

SETTLEMENT AGREEMENT
C 07-4164 MEJ

present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims under the Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, any and all current or future claims by plaintiff's children, and any other claim relating to the subject accident of April 8, 2005, or any and all claims that could have been asserted in the Complaint, including any and all claims for personal injury, property damage and loss of use of vehicle.

10. In consideration of the payment of the settlement amounts as set forth above, the plaintiff further agrees that he may not and will not use or rely on the incidents and actions underlying the Complaint in any other administrative proceeding, state court action or federal court action to prove any kind of further or future claim against the United States or its agencies and employees.

11. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The plaintiff having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. The plaintiff understands that if the facts concerning the plaintiff's alleged damages and the liability of the defendants, or its agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by him to be true, this agreement shall be and remain effective notwithstanding such material difference.

12. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the defendants or its agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

SETTLEMENT AGREEMENT
C 07-4164 MEJ

13. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

14. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability. Plaintiff will indemnify and hold harmless the defendants from any liability the defendants may incur from any government agency arising out of any failure by plaintiff to pay any tax liability he might be responsible for from any government agency. Plaintiff will also indemnify and hold harmless the defendants from any liability the defendants may incur from any lien claimant arising out of any failure by plaintiff to satisfy the outstanding liens. Plaintiff will also indemnify and hold harmless the defendants from any liability the defendants may incur from any claim, including but not limited to a loss of consortium claim, by plaintiff's spouse arising out of the subject matter of This Action.

15. Plaintiff has been informed that payment of the settlement amounts may take 120 days or more to process.

16. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

17. Each party acknowledges that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

18. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

19. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into

SETTLEMENT AGREEMENT
C 07-4164 MEJ

by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

20. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

21. The persons signing this Stipulation and Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

22. This agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

Dated: June 4, 2008          /S/
                             James C. Diaz
                             Plaintiff


Dated: June 4, 2008          /S/
                             Edward Hartley
                             Attorney for Plaintiff


                             JOSEPH P. RUSSONIELLO
                             United States Attorney

Dated: June 4, 2008    By:         /S/
                             JAMES A. SCHARF
                             Assistant United States Attorney
                             Attorney for the Federal Defendant
                             United States of America

Dated: June 6, 2008          /S/
                             Daniel Garza
                             Defendant

SETTLEMENT AGREEMENT
C 07-4164 MEJ

PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT,

APPROVED AND SO ORDERED:

Dated: June 18, 2008

_____
Hon. Maria-Elena James
United States District Court Magistrate Judge

SETTLEMENT AGREEMENT
C 07-4164 MEJ